jar

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | | |
|---|---|---|
| **DORAN  L.  BAILEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 06-2489-JAR** |
| | ) | |
| **MICHAEL J. ASTRUE, Commissioner of** | ) | |
| **Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Before the Court is plaintiff's Motion for Attorney Fees (Doc. 22) under 42 U.S.C.

§406(b).  Defendant does not object to the award of fees, but objects that the amount plaintiff

requests is not reasonable.  For the reasons discussed below, Court finds plaintiff's request

reasonable and approves the amount requested.

After this Court granted defendant's motion for remand, plaintiff received a favorable

decision and was awarded benefits in the amount of $68,177.  Consistent with their contingency

fee agreement, plaintiff seeks an award of $17,044.25 in attorney's fees, which is twenty-five

percent, pursuant to 42 U.S.C. §406(b).  Defendant objects that this amount, for the 30.1 hours

expended by counsel, represents an excessive hourly fee of $566.25.

Plaintiff argues that the Court should apply a factor of 2.8 to reduce the rate to an

equivalent hourly rate of non-contingent work based on the likelihood of approval for social

security claimant representation.  Applying a factor of 2.8 in this case would reduce the hourly

rate from $566.25 to $202.23.  This approach was adopted by one judge in this district, in

*Vaughn v. Astrue,*[1] and in the Western District of Missouri, in *Whitehead v. Barnhart.*[2]  Both courts recognized the risks of non-payment entailed in representing social security claimants, given the statistical likelihood of success, or lack thereof.[3]

Indeed, this risk is recognized in the statute itself, which allows attorneys to recover up to twenty-five percent of the total past-due benefits to which the claimant is entitled, so long as the fee is reasonable for the representation given.  Further, it must be reduced by the amount already awarded under the Equal Access to Justice Act ("EAJA"),[4] in connection with the court-related representation of plaintiff in the social security appeal.  This is because where the claimant's attorney receives fees for the same work under both 42 U.S.C. § 406(b) and the EAJA, the plaintiff's attorney must refund to the plaintiff the amount of the smaller fees.[5]

42 U.S.C. §406(b) states in pertinent part,

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

In *Gisbrecht v. Barnhart,*[6] the Supreme Court resolved a split in the circuit courts over the proper judicial determination under § 406(b) of the reasonableness of attorney's fees when

---

[1]No. 06-2213-KHV, 2008 WL 4307870 (D. Kan. Sept.19, 2008).

[2]No. 01-0095-CV-SW2SSAECF, 2006 WL 910004 (W.D. Mo. Apr. 7, 2006).

[3]*Vaughn*, 2008 WL 4307870, at *1; *Whitehead*, 2006 WL 910004, at *2.

[4]28 U.S.C. § 2412(d).

[5] *McGraw v. Barnhart,* 450 F.3d 493, 497-98 (10th Cir.2006) (explaining that counsel who is awarded fees under EAJA and SSA must refund smaller amount to claimant).

[6]535 U.S. 789 (2002).

there is a contingent fee arrangement between a social security claimant and counsel.[7]  The Court framed the issue as whether the contingency fee agreement was the appropriate starting point; whether the agreement was presumptively reasonable so long as it was within the twenty-five percent statutory cap; or whether the courts should begin with a lodestar calculation of hours reasonably spent times reasonable hourly rate.[8]  The Court held that Congress designed §406(b) "to control, not to displace, fee agreements between Social Security benefits claimants and their counsel."[9]

The Supreme Court rejected use of the lodestar calculation for §406(b) determinations of reasonableness, finding that lodestar calculations were traditionally used in evaluating fees assessed against the losing party in fee shifting situations.[10]  Thus, the Court reversed and remanded because "the decision before us for review rests on lodestar calculations and rejects the primacy of lawful attorney-client fee agreements."[11]  Although the Court did not provide discrete factors or guidelines, it suggested that the lower courts might appropriately reduce the attorney's recovery "based on the character of the representation and the results the representative achieved," or when representation is "substandard," or when the attorney is "responsible for delay," or when the "benefits are large in comparison to the amount of time counsel spent on the case," so as to disallow "windfalls for lawyers."[12]

---

[7]*Id.* at 792.

[8]*Id.*

[9]*Id.* at 793.

[10]*Id.* at 801–05.

[11]*Id.* at 793.

[12]*Id.* at. 808 (citations omitted).

The Supreme Court indicated in *Gisbrecht* that attorneys would not be held to the lodestar figure in determining reasonable fees under § 406(b). The Court suggested that lower courts might require that the claimant's attorney submit a statement of his or her "normal hourly billing charge for noncontingent-fee cases." In so doing, the Court was surely suggesting that in determining the reasonableness of the fee, a court should be mindful that a contingency fee arrangement by its nature involves the assumption of risk of nonpayment. Knowledge of the attorney's normal hourly rate in a non-contingent fee case would inform the lower court of the attorney's typical fee when the attorney assumes much less risk of nonpayment. While the Supreme Court did not suggest the specific discount factor of 2.8, nor any other rate, it did emphasize that there is no specific limit on the hourly rate in §406(b). As the Court noted, §406(b) makes unenforceable any contingency fee agreement that exceeds twenty-five percent, which "tellingly contrasts with EAJA, which authorizes fee shifting, and correspondingly, places a specific dollar limit on the hourly rate that ordinarily can be charged to the losing party."[13]

With the guidance of *Gisbrecht* in mind, Judge Vratil approved a contingent fee at an effective hourly rate much higher than counsel's normal hourly rate in non-contingent fee cases in *Vaughn*.[14] There, Roger M. Driskell, the same counsel who represents the claimant in the instant case, sought a fee of over $33,000, 25 percent of the award of $135,000, in past due benefits.[15] Although the billing statement reflected 53.5 hours of work, Judge Vratil found that only 35 hours was compensable; the balance was non-compensable time spent on work done at

---

[13]*Id.* at 807 n.16 (citation omitted).

[14]No. 06-2213-KHV, 2008 WL 4307870 (D. Kan. Sept.19, 2008).

[15]*Id.* at *2.

the administrative level.[16]  After reducing the number of compensable hours, Judge Vratil

favorably entertained Driskell's argument that a factor of 2.8 should be applied to allow a higher

hourly rate that recognizes the risk associated with a contingent fee arrangement.[17]  Driskell cited

to *Whitehead*, in which the court applied a factor of 2.8 to account for the statistical rate of

success of social security appeals and reduced the rate to an equivalent hourly rate for non-

contingent work.[18]  Judge Vratil likewise found 2.8 an acceptable discount factor to recognize

the risk associated with a contingent fee arrangement given the statistical rate of success of

social security appeals.[19]  Applying the factor of 2.8 to 35 hours of work, Judge Vratil rendered

an hourly rate of $344.73, well within the range of fee awards in social security cases in this

district.[20]

       This Court is persuaded that in determining whether a fee is reasonable, it should

recognize that a higher hourly rate is commensurate with the inherent and significant risk

associated with a contingent fee arrangement in representing claimants in social security appeals.

Although the defendant argues that plaintiff has not presented evidence supporting the factor of

2.8, neither party disputes the statistical advantage that defendant enjoys in social security

appeals.

       Defendant further argues that the Court should discount the compensable fee, by reducing

---

[16]*Id* at *1.

[17]*Id.* at *2.

[18]*See* No. 01-0095-CV-SW2SSAECF, 2006 WL 910004 at *2 (W.D. Mo. Apr. 7, 2006).

[19]*Vaughn*, 2008 WL 4307870, at *2.

[20]By Judge Vratil's calculations, absent the discount factor of 2.8, the effective hourly rate for the requested fee award of $33,783.35 would have been $965.24 for 35 hours of work, or $631.46 for 53.5 hours of work.  *Id.* at *1.

the hours by 6.1, from a total of 30.1 to 24 hours, arguing that plaintiff has claimed excessive time for preparing this fee request, and has included time for preparing the request for EAJA fees and reviewing the EAJA fee award.  In *Gisbrecht,* the Supreme Court indicated that attorneys would not be held to the type of justification of hours spent that the lodestar calculation entailed.[21]  It suggested that courts might require a claimant's attorney to submit his or her time sheets.[22]  But it cautioned that this was not for the purpose of "satellite litigation," but to assist the court in it's assessment of the reasonableness of the fee yielded by the fee agreement.[23]

Having reviewed plaintiff's counsel's time sheets, this Court is satisfied that given the nature of this litigation, 30.1 hours was a reasonable amount of time to expend, and this Court declines to conduct a line by line analysis of the time expended for each matter itemized, as that type of lodestar analysis is not required of a court conducting an independent review of reasonableness pursuant to §406(b).  Accordingly, the Court finds that plaintiff's motion for fees under §406(b) in the amount of $17,044.25 should be granted; but plaintiff's counsel, Mr. Driskell shall refund to plaintiff on or before October 20, 2009, the sum of $3,559.88, which he received as fees under the EAJA.

**IT IS THEREFORE ORDERED** that the Motion fo Attorney Fees (Doc. 22) is **granted**.  Plaintiff's attorney, Roger M. Driskell is entitled to $17,044.25 in fees under section 206(b) of the Social Security Act, 42 U.S.C. §406(b).  The Commissioner shall pay the fees from the amount which he is withholding from plaintiff's past due benefits.  The remainder of the

---

[21]535 U.S. 789, 793 (2002).

[22]*Id.* at 808.

[23]*Id.*

withheld benefits shall be paid to plaintiff.

**IT IS FURTHER ORDERED** that on or before October 20, 2009, Roger M. Driskell

shall refund to plaintiff $3,559.88, which he received as fees under the EAJA.

**IT IS SO ORDERED.**

Dated:  <u>October 8, 2009</u>

                       <u> S/ Julie A. Robinson            </u>
                       JULIE A. ROBINSON
                       UNITED STATES DISTRICT JUDGE